NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | No. 11cr400 (EP) |
| v. | **MEMORANDUM ORDER** |
| ADAM BULIN | |

**PADIN**, **District Judge.**

Defendant Adam Bulin, proceeding *pro se*, moves for early termination of his term of supervised release. D.E. 13 ("Motion" or "Mot"). The Government opposes. D.E. 19 ("Opposition" or "Opp."). Bulin replies. D.E. 20 ("Reply"). For the reasons set forth below, the Court will **DENY** Bulin's Motion.

## I.  BACKGROUND

In November 2005, Bulin entered a plea of guilty to an Information charging him with transporting child pornography in violation of 18 U.S.C § 2252(a)(1), (b)(1). *See* Middle District of Florida, Crim. No. 05-111 ("Florida Docket"), D.Es. 12, 15. Pursuant to his plea agreement, Bulin agreed that he had possessed, received, and distributed more than 200 still images and 75 video clips depicting prepubescent minors engaged in sexually explicit conduct. *See* Florida Docket, D.E. 3 ("Plea Agreement"). On February 13, 2006, the Hon. John E. Steele, U.S.D.J., of the Middle District of Florida sentenced Bulin to a 70-month term of imprisonment and a term of supervised release for life. Florida Docket, D.Es. 26, 27 ("Judgment").

Bulin was released in 2011 after serving 55 months in federal prison and an additional six months in a federal halfway house. *See* D.E. 5 ("First Motion for Early Termination") at 2. His supervised release was then transferred from the Middle District of Florida to the District of New Jersey on June 8, 2011. D.E. 1.

On March 27, 2018, Bulin—then represented by counsel—moved for early termination of his supervised release. *See* First Motion for Early Termination. The Government opposed. D.E. 7 ("Opposition to First Motion for Early Termination"). Then-Chief Judge the Hon. Jose L. Linares, U.S.D.J.—who was then assigned this matter—denied Bulin's First Motion for Early Termination for the reasons set forth in the Government's Opposition to First Motion for Early Termination. D.E. 8 ("Order Denying First Motion for Early Termination").

This matter was then twice re-assigned, first to the Hon. John Michael Vasquez, U.S.D.J., in 2022, D.E. 9, and finally to the undersigned in November 2024, D.E. 10.

This time proceeding *pro se*, Bulin has again moved for the early termination of his supervised release. Mot. The Government opposed. Opp. Bulin replied to the Opposition. Reply. The U.S. Probation Office consents to Bulin's Motion. *See* Opp. at 2. The Motion is now ripe for resolution.

## II.    LEGAL STANDARD

A court may terminate a term of supervised release prior to its expiration under 18 U.S.C. § 3583(e). *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The statute permits early termination "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether it should grant early termination of supervised release, a court must consider the following factors:

2

> the nature and circumstances of the offense and the defendant's history and characteristics; . . . the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentence and sentence range established for the defendant's crimes; . . . pertinent policy statements issued by the United States Sentencing Commission; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense.

*Melvin*, 789 F.3d at 52 (citing 18 U.S.C. § 3553(a)(1)–(7)).

District courts enjoy "discretion to consider a wide range of circumstances when determining whether to grant early termination" and need not make "specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient." *Id.* at 52–53 (citation modified). Although "new and unforeseen circumstances" are not a prerequisite for early termination of supervised release, district courts should nevertheless consider that the sentence for which a defendant seeks early termination was deemed "sufficient, but not greater than necessary" when originally issued. *Id.* (first quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018); then 18 U.S.C. § 3553(a)). As a result, the Third Circuit has cautioned that, *as a general matter*, early termination of supervised release is proper only when new or unforeseen circumstances exist. *Id.*

## III.   ANALYSIS

After careful review of each of the § 3583(a) factors, Bulin's conduct, and the interest of justice, the Court concludes that Bulin has not shown that early termination of supervised release is appropriate under the circumstances and will therefore **DENY** his Motion ***without prejudice***.

While early termination of supervised release is presumed appropriate after eighteen months of supervised release, that presumption does not apply to Bulin because his underlying offense is a sex crime. *See* D.E. 5 at 16 (requiring registration with state sexual offender registration); GUIDE TO JUDICIARY POLICY, Vol. 8, Ch. 3 § 360.20(c)(1). Accordingly, Bulin

3

instead argues that early termination is warranted based on his conduct since his release from prison and because it is in the interest of justice. *See* Mot. at 3. While Bulin's conduct over the course of his supervision has been commendable, the Court nevertheless finds that early termination of his supervised release is not warranted at this juncture.

*First*, the Court is unpersuaded by Bulin's argument that his inability to obtain his license to become a real estate broker in New Jersey and own 100% of his father's real estate business constitutes an extraordinary circumstance warranting the termination of his supervised release. *See* Mot. at 1. As he did in his First Motion for Early Termination, Bulin explains that he obtained a real estate license in 2013—but only on a probationary basis—and that he cannot receive a full license while being on supervised release. *See* Mot. at 1; First Motion for Early Termination at 3. Bulin further explains that being on supervised release also means that he cannot own 100% of the real estate company his father has passed down to him. Mot. at 1. But, as the Government explained in its Opposition to First Motion for Early Termination—which then-Chief Judge Linares adopted in his Order Denying First Motion for Early Termination, Bulin's desire to pursue certain employment opportunities is insufficient to warrant early termination of supervised release. Opposition to First Motion for Early Termination at 3–4 (citing *United States v. Kay*, Crim. No. 05-231, 2007 WL 4355419, at *2 (E.D. Pa. Dec. 10, 2007); then *United States v. McClamma*, Crim. No. 05-46, 2015 WL 10912858, at *3 (M.D. Fla. Oct. 28, 2015), *report and recommendation adopted*, 2016 WL 3004462 (M.D. Fla. Feb. 3, 2016), *aff'd*, 676 F. App'x 944 (11th Cir. 2017)).

*Second*, while it appears that Bulin has fully complied with all of his conditions of supervised release, "compliance with the terms of supervised release and with the law alone are not enough to warrant early termination." *United States v. Paterno*, Crim. No. 99-37, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002); *see also United States v. DePaula*, Crim. No. 16-474, 2025

4

WL 1296234, at *2 (D.N.J. May 5, 2025) ("[C]ompliance with the conditions of supervision, including from refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." (quoting *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021)).  The Court commends Bulin for his compliance with the terms of his supervised release, as well as his charity and other community work.  *See* Mot.  The Court nevertheless finds Bulin's compliance and his community involvement insufficient to warrant early termination, especially in light of the seriousness of his underlying offense.  *See United States v. Apodaca*, Crim. No. 08-793, 2017 WL 3332642, at *2 (C.D. Cal. June 6, 2017), *aff'd*, 750 F. App'x 605 (9th Cir. 2019) (finding that the "defendant's extensive collection of child pornography and the fact that possession of child pornography is a crime of violence against children . . . weigh[ed] against early termination").

And, *third*, the Court is unconvinced by Bulin's argument that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), militates in favor of early termination.  *See* Reply at 2.  Bulin points to a case where a defendant with which he had been incarcerated received 10 years of supervised release, which was then terminated early.  *Id.* (citing *United States v. Chaplowitz*, Crim No. 05-792 (D.N.J.)).  But as the Third Circuit explained in rejecting a defendant's argument that his sentence was "a more severe sentence than other defendants who have also been convicted of possession of child pornography" such that there was an unwarranted sentence disparity in violation of 18 U.S.C. § 3553(a)(6),

> that [a defendant] can find another case where a defendant charged with a somewhat similar crime and facing the same advisory sentencing range received a sentence outside of the applicable sentencing range does not make [this defendant's] within-Guidelines sentence unreasonable.  If that were the law, any sentence outside of the Guidelines range would set precedent for all future similarly convicted defendants.  This is not, and cannot be, the law.

*United States v. Kuchler*, 285 F. App'x 866, 869 (3d Cir. 2008) (quoting *United States v. Jimenez*, 513 F.3d 62, 91 (3d Cir. 2008)) (affirming district court's imposition of a lifetime term of supervised release in a child pornography case).  In any event, Chaplowitz—the individual to which Bulin now compares his sentence—was in possession of fewer than 150 images of child pornography, *see* Crim No. 05-792, D.E. 60 at 6, whereas Bulin was in possession of "in excess of 200 still images and in excess of 75 video clips of prepubescent minors engaging in sexually explicit conduct," Plea Agreement at 19.  The Court sees no need to disturb the sentencing judge's determination that—due to this extensive collection and other factors—Bulin's sentence was "sufficient, but not greater than necessary" when first pronounced, *Melvin*, 978  F.3d at 53, on the basis that one other individual with a less extensive collection received a shorter term of supervised release.

Moreover, other defendants convicted of similar conduct have also received sentences of a lifetime of supervised release, which courts have declined to terminate early.  *See, e.g.*, *United States v. Urchak*, Crim. No. 08-781, 2019 WL 316013, at *1 (D.N.J. Jan. 24, 2019) (denying motion for early termination of a lifetime of supervised release where the defendant had been found in possession of 21 images and approximately 80 videos depicting child pornography); *see also United States v. Roth*, Crim. No. 02-62, 2024 WL 4710881, at *4 (W.D. Pa. Nov. 7, 2024) (citing *Kuchler*, 285 F. App'x at 866 in denying motion for early termination of a ten year sentence of supervised release for child pornography offense because similar defendants "would be subject to longer terms of incarceration and similar, or longer, terms of supervised release").  The Court will therefore decline to terminate Bulin's supervised release on sentence disparity, or any other, grounds.  "Perhaps a period of lifetime supervised release will not be warranted, but it still is now." *Urchak*, 2019 WL 316013, at *3.

IV.     **CONCLUSION AND ORDER**

For the foregoing reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' briefs, the Court finds that early termination of Bulin's term of supervised release is not warranted by Bulin's conduct and the interest of justice. Accordingly,

**IT IS**, on this **17**th day of April, 2026,

**ORDERED** that Defendant Adam Bulin's Motion, D.E. 13, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall send Bulin a copy of this Memorandum Order via regular mail.

_____
Evelyn Padin, U.S.D.J.

7